# SOFIA, LILLIAN, MABEL, AND MARJORIE BRENNAN Y GRAU, Plffs.,

*v.*

# THE MANUFACTURER'S LIFE INSURANCE COMPANY, Dft.

San Juan, Law, No. 1214.

EXEMPTION OF OSTEOPATHS.

Osteopath—Testimony.
> The Porto Rico law requires a license from osteopaths in order to practise, but has not extended to them the inhibition to testify applicable to physicians.

Opinion filed March 11, 1919.

*Mr. Frank Antonsanti* for the plaintiffs.

*Mr. Manuel Rodriguez Serra* for the defendant.

HAMILTON, Judge, delivered the following opinion:

On the trial of this case the witness Haley was not allowed to testify to conversations between him and decedent which it was alleged would show the decedent knew he was afflicted with tuberculosis, an important issue in the case. Both sides thought an osteopath was within § 40 (4) of the Porto Rico Law of Evidence forbidding a physician to testify to knowledge

Brennan y Grau v. Manufacturer's Life Ins. Co.

acquired in attending a patient. An exception was reserved, however, and a reargument of the matter had on a motion by defendant for a new trial.

There is no question that while an osteopath does not use drugs he is, under the later decisions, within the general term "practitioner of medicine." Collins v. Texas, 223 U. S. 288, 56 L. ed. 439, 32 Sup. Ct. Rep. 286. (Holmes.) He is accordingly quite generally held to be within the statutes requiring license from persons desiring to practise medicine. Bragg v. State, 134 Ala. 165, 58 L.R.A. 925, 32 So. 767, which gives an analysis of the meaning of medicine. It was so held in 1911 as to the same Haley under the Porto Rican law as to Medical Board of 1903 by Attorney General Foster v. Brown (MS.). The legislature immediately ratified this decision by an amendment expressly including osteopaths, and by further amendments other practitioners of healing have been included within the rule requiring license.

The many cases have generally arisen under license statutes, and show a tendency to require examination and license of all practitioners of healing arts and sciences. The case before the court, however, arises under the Porto Rican Law of Evidence which was adopted in 1905, and in this respect has never been amended. Under such circumstances, we can hold the seal of secrecy originally imposed upon physicians and surgeons extended pari passu with the license law amendments? Or, because "physician and surgeon" have been in other jurisdictions extended for license purposes without amendment, can we hold actual amendment in Porto Rico meaningless?

The fact is that the Statute on the subject has been carefully amended several times, while the other has not been amended.

There might well be occasion for extending the one and not the other. Greenleaf, while admitting the exception of physicians, has vigorously attacked its policy and argued against extending it. 1 Greenl. Ev. 385. Osteopathy began in 1892 with the opening of A. T. Still's School of Osteopathy in Missouri, but apparently was not known in Porto Rico until the advent of Haley in or about 1911. Even apart from this, however, it seems proper to hold that the legislature intended to do precisely what it did do,—require a license of osteopaths without extending to them the exemption from testifying accorded to physicians and surgeons. If the legislature thinks that osteopathy or any other healing art should have the veil of inviolable secrecy thrown over it as in the older profession of healing by drugs, this can readily be effected by the same means pursued in the matter of license, that is, by amending the statute.

It follows that it was erroneous to sustain plaintiff's objection to testimony by witness, and a new trial must be granted.